# Thomas B. Johnson and others, plaintiffs in error, *vs.* The United States, defendant in error.

## *Error to Muscatine.*

The act of Congress of the 28th February, 1799, is the only act regulating the fees of Marshals of territories; the act of 1841 relates only to the sum allowed for summoning the jury.

The plaintiff in error must not only show error, but he must show those errors which have done him substantial injury, before he can ask for a reversal of the judgment below.

This was an action of debt brought by the United States against Thomas B. Johnson and his securities, as marshal of the territory of Iowa. Judgment was rendered against defendants in the court below. During the trial the following bill of exceptions was sealed:

"Be it remembered, that on the trial of this cause upon the 26th day of June, 1844, being an adjourned day of the April term of the District Court of Muscatine county, it became a material question which of the several acts of Congress regulated and fixed the compensation and fees which a marshal of this territory is entitled to, the court charged the jury that the act of Congress passed the 28th February, 1799, was the only act of Congress regulating and establishing the fees and charges which a marshal of this territory was entitled to for his services at this time, and that the act of Congress, passed the 3d March, 1841, was only intended to limit the ultimatum of the marshal's fees for summoning all the jury at any one term, to thirty dollars, instead of fifty dollars, by the provisions of the first named act. The court also charged the jury that the examination and allowance by one of the judges of this territory, for services rendered the government, and a certificate from one of the clerks of the court, that such services were rendered, did not amount to a prima facia evidence of the rendition of said services by the marshal, so as to throw the burthen of the proof on the government or the other party, to all of which ruling and charging of the court, the defendant, by his counsel, excepts, and prays the court to sign this, his bill of exceptions, which is accordingly done.

"J. WILLIAMS, Judge."

Lowe & Hastings, for plaintiffs in error.

Deshler & Woodward, for defendant in error.

Per Curiam, Mason, Chief Justice.—On the first point as set forth in this bill, we think there was no error in the charge of the court; at least none which is shown to have been material. We think the act of 1841, does not in any respect affect the fees of the marshal of this territory. That act, so far as it relates to the marshal's fees, was made for the States and for them only. No allusion is made therein to the territories, and by analogy to decisions under statutes of a similar character in this respect is only applicable to the States.

It is true our organic act, taken in connection with the organic act of Wisconsin, gives to our marshal the same fees as are allowed to the marshal of the northern district of New York, but this we believe refers to the fees of that officer *as then allowed.* No change can be made in the fees of the marshal of this territory, except by a statute made applicable to him directly. The act of 1841, would not even limit the fees of our marshal to $30 for any one term, as the court below seemed to intimate, but even if there was error in this, there is nothing on the record to show any materiality in such error.

The other charge in relation to the force and effect of a judicial certificate of services rendered by the marshal, is not shown to be material and the exception thereto would be unavailing, however erroneous it might have been. If made in relation to charges for transporting funds as stated in the notice of set off of the defendant below, the instruction of the court was correct. But if made in relation to any matters embraced in the fourth section of the act of May 8, 1792; 1 Story's laws, 259; we think the instruction was erroneous. It is the business of the plaintiff in error to make out a full case. He must not only show errors, but he must show those which have done him substantial injury before he can ask for a reversal of the judgment below. Failing to do so in the present case, the judgment below will be affirmed.